IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TAMMY SAMBROOKS and DALE SAMBROOKS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 2:12-cv-102 ) |
| CLAUDE CHOISEME, individually and as an agent, servant and/or employee of Walgreen-Oshkosh Inc., d/b/a Walgreen Corporation and WALGREEN-OSHKOSH, INC., d/b/a WALGREEN CO; and TRANSERVICE LEASE CORP., d/b/a TRAVERSE LEASE CORP., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Rule to Show Cause for Failure to Comply With Subpoena [DE 45] filed by the defendants, Claude Choiseme, Transervice Lease Corp., and Walgreen-Oshkosh Inc., on July 17, 2014; the Motion for Protective Order [DE 46] filed by the plaintiffs, Tammy and Dale Sambrooks, on July 21, 2014; and the Motion to Dismiss Defendants' Rule to Show Cause [DE 47] filed by the plaintiffs on July 21, 2014.  For the following reasons, the Motion for Rule to Show Cause for Failure to Comply With Subpoena [DE 45] is **GRANTED**; the Motion for Protective Order [DE 46] is **DENIED**; and the Motion to Dismiss Defendants' Rule to Show Cause [DE 47] is **DENIED**.

*Background*

This matter arises from a rear-end motor vehicle accident that occurred on May 14, 2010 between the defendant, Claude Choiseme, and the plaintiff, Tammy Sambrooks. The defendants have admitted that Choiseme was negligent in the operation of the equipment and that he is one

1

hundred percent at fault for the collision with Sambrooks.  Sambrooks suffered injuries, and her attorney recommended that she see Dr. Ronald Michael.  Dr. Michael treated Sambrooks for her injuries and was identified as one of her treating physicians.

The defendants served a subpoena via certified mail to Dr. Ronald Michael on May 19, 2014, which was returnable on June 21, 2014.  The subpoena originally was served on counsel for the plaintiffs on May 14, with a request that any objections be presented on or before May 19.  On May 15, the plaintiffs' attorney sent correspondence objecting to certain portions of the subpoena.  Later that same day, the plaintiffs' attorney sent an identical subpoena to the defendants' expert, Dr. Harel Deutch.  Defense counsel wrote back, stating that he assumed all objections were withdrawn because the plaintiffs' counsel served an identical subpoena.  Defense counsel states that he did not receive any further correspondence regarding Dr. Michael's subpoena.   The plaintiffs' attorney attached a letter maintaining his objections to his motion to dismiss the defendants' motion for order to show cause.  He stated that he sent the letter to defense counsel on May 16, 2014.  Defense counsel denies having received this letter and states that because he did not hear anything further from the plaintiffs' counsel, he proceeded to file the present motion when he did not receive a response from Dr. Michael.

The plaintiffs' counsel responded by filing a motion for protective order, stating broadly that the defendants' discovery request is overly broad and exceeds the scope of Rule 26(a)(2)(B), (b)(4)(B)-(C).  The plaintiffs also move to dismiss the defendants' motion for failure to comply with the meet and confer requirements of Rule 37 and Northern District of Indiana Local Rule 37-1.

*Discussion*

Federal Rule of Civil Procedure 45(g) states that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." ***United States S.E.C. v. Hyatt***, 521 F.3d 687, 692 (7th Cir. 2010). After the court identifies an unequivocal command that the party violated, the burden then shifts, and the party opposing the motion must demonstrate why he is unable to comply with the order. ***United States v. Rylander***, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983).

The party seeking to avoid producing the documents requested by the subpoena bears the burden of demonstrating why the information sought is privileged or subjects it to an undue burden. ***Hodgdon v. Northwestern University***, 245 F.R.D. 337, 341 (N.D. Ill. 2007). The privilege must be affirmatively stated, and the objecting party must describe the nature of the withheld documents or communications. **Rule 45(e)(2)**. Also implicit in the rule is the requirement that a subpoena seek relevant information. *See* ***Stock v. Integrated Health Plan, Inc***., 241 F.R.D. 618, 621–622 (S.D.Ill.2007); ***Syposs v. United States***, 181 F.R.D. 224, 226 (W.D.N.Y.1998) ("The reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez***

*v. DaimlerChrysler Corp*., 206 F.R.D. 615, 619 (S.D.Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not related directly to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc*., 214 F.R.D. 496, 502 (S.D.Ind. 2003).

The defendants first argue that the plaintiffs have not raised a single specific objection to the discovery requests, and rather broadly stated that Rule 26(a)-(b) prohibits production. The plaintiffs refer the court to the provisions providing for expert reports, seemingly arguing that Dr. Michael only should be required to produce such a report and should not be compelled to further respond to the discovery. Although treating physicians are required to prepare a report, this does not absolve them from further participating in discovery. In fact, Rule 26(b) goes on to state that communications between an attorney and an expert are discoverable if they relate to the expert's study, identify facts and data that the expert considered in forming his opinions, or identify assumptions the party's attorney provided that the expert relied on when forming his opinions.

The plaintiffs' broad objection does not satisfy their obligation to show why the information sought is privileged, irrelevant, or unduly burdensome to produce. The plaintiffs have not described the nature of any communications involving Dr. Michael to show why they are not discoverable, nor have they responded to each discovery request to identify their specific objection and their basis for so objecting. In fact, the plaintiffs made no effort to show any privileged communications. For these reasons, the plaintiffs have not satisfied their burden to show why the requested information is not subject to discovery.

The plaintiffs also move to dismiss the defendants' motion, arguing that they did not file a certificate explaining their efforts to meet and confer to resolve the discovery dispute prior to filing their motion for order to show cause. Rule 37 states that "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery . . . ." The defendants are not seeking the production of the documents at this time. Rather, they are asking the court to conduct a hearing to determine whether Dr. Michael should be held in contempt for failure to comply. For this reason, it is not clear that Rule 37 is applicable. In any case, the record reveals that the parties did engage in some discussions in an effort to resolve the dispute, and the plaintiffs admitted that such discussions occurred. It would be futile to dismiss this motion without prejudice so that it could be re-filed with the certification.

Based on the foregoing reasons, the Motion for Rule to Show Cause for Failure to Comply With Subpoena [DE 45] is **GRANTED**; the Motion for Protective Order [DE 46] is **DENIED**; and the Motion to Dismiss Defendants' Rule to Show Cause [DE 47] is **DENIED**.

Dr. Michael is ORDERED to show cause why he should not be held in contempt for failure to comply with the subpoena within 14 days of this order. If he turns over the requested information prior to this date, the court will consider that compliance with this order.

ENTERED this 10th day of September, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge